## In re GUARDIANSHIP OF KRECL (No. 2).

County Judge's Court, Palm Beach County.

November 19, 1956.

Tully Scott, petitioner, in propria persona.

Farish & Farish, West Palm Beach, for successor guardian.

RICHARD P. ROBBINS, County Judge.

This cause came on before me on the petition of Tully Scott for an award of compensation for his services as guardian of the property of Stanley Krecl, incompetent, and the answer of Henry W. Jewett, successor guardian of the estate.

From the allegations contained in the petition and answer and from testimony taken at the hearing held herein, it appears that the petitioner served as such guardian from July 3, 1953 until his resignation on February 19, 1954, approximately eight months, during which time he performed the usual duties of a guardian in supervising repairs to the property, and in collecting rents for a period of time until such collections were turned over to a real estate firm, in making disbursements for debts due from the incompetent and making necessary reports to the court.

Witnesses, who are members of the Florida Bar testified as to the value of the services rendered, ranging from $1,150 to $1,500. The value used by such witnesses was principally on a time consumed basis and is determined on the theory that the actual time spent by the guardian should be compensated at the rate of $10 per hour.

The petition alleged and testimony indicates that the gross estate of the incompetent has an approximate value of $100,000, and the income which came into petitioner's hands as guardian totalled $6,843.89.

The abstract statements of witnesses as to the reputed worth of the services performed by the guardian are not sufficient to support his claim. Whether or not his time was worth $10 per hour depends, to a great extent, on the nature of the matters he was attending to.

A generally accepted schedule of fees for a guardian in this area is as follows—

> 5% of the annual gross income
> 1/5 of 1% annually of the market value of
> the principal of the estate.

To this is sometimes added an inception fee of $50.

I believe this schedule to be reasonable in the average case and upon such basis the guardian herein would be entitled to the sum of $592.19.

It is alleged in the petition and borne out by testimony that the guardian performed personal services to the ward in and about the purchase of clothing and the allocation of a spending allowance as well as holding many conferences with him regarding his estate. For these services the court is of the opinion that an additional compensation of $100 may be reasonably awarded.

It is, therefore, ordered and adjudged that Tully Scott be and he is hereby entitled to receive from the estate of the incompetent the sum of $692.19, in full for all services rendered by him as guardian aforesaid, and the successor guardian is hereby directed to pay such sum to him.